FILED
2018 May-14 AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CAROLYN D. GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>Defendant. )<br>)<br>) | 7:17-cv-01818-LSC |

**MEMORANDUM OF OPINION**

Before the Court are two motions filed by Defendant United States of America, Social Security Administration ("SSA"). The first is a Motion to Dismiss tort claims brought by Carolyn D. Griffin ("Griffin") for lack of subject matter jurisdiction. (Doc. 6.) The second is a Motion for Judgment on the Pleadings regarding the portion of Griffin's action which stems from the SSA's decision to end her eligibility for disability benefits. (Doc. 7.) For the following reasons, SSA's Motion to Dismiss and the Motion for Judgment on the Pleadings are due to be GRANTED and the case is due to be DISMISSED.

I. **Facts and Procedural Background**

Griffin filed a pro-se complaint against the "Social Security Dept. of Tusc. AL" [sic] in the Circuit Court of Tuscaloosa County on September 25, 2017. The complaint alleged that Griffin had been "Wrongfully Trespassed . . . harassed . . . attacked, assaulted, and injured [and] [w]rongfully taken to jail" and that she had been improperly denied disability benefits. (Doc. 1-1.) Liberally construed, Griffin's Complaint asserts state-law tort claims against an agency of the United States Government encompassed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. Defendant properly removed the action to this Court pursuant to 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a)(1) on October 30th, 2017. (Doc. 1.) Griffin brings two causes of action. First, she alleges that she was wrongfully, physically harmed by United States government employees working for the SSA and requests $18,000 in "damages from assault" as remedy for this claim. The claim is based on various alleged harms including wrongful arrest, harassment, and racial antagonism. (Doc. 1-1.) Second, she claims that her social security disability benefits have been "wrongfully taken" and requests that they be restored. (*Id.*)

The SSA had previously found Griffin disabled as of October 12, 2004, but eventually determined that her disability ended as of September 1, 2015.[1] This decision was upheld on reconsideration. Griffin requested a review of the decision

---

[1] This information is not specified in Griffin's complaint, but is taken from the uncontested assertion of facts made in Defendant's Motion For Judgment on the Pleadings and the administrative transcript attached to its Answer.

before an administrative law judge ("ALJ"), which she was granted. After the hearing, the ALJ issued a decision on May 3, 2017 upholding the determination that Griffin's disability had ceased. The ALJ sent a copy of the decision to Griffin and notified Griffin of her right to seek Appeals Council review within sixty days if she disagreed with the decision. The decision further notified Griffin that the Appeals Council would assume she received the decision within five days of the notice unless she showed otherwise. Griffin did not file a timely request for review, and instead waited until July 12, 2017, five days past the deadline of July 7, to appeal the decision. When the deadline initially passed, an employee of the SSA reached out to Griffin to determine whether she wanted to request review and provide an explanation of good cause for the untimely filing, but the attempt at contact was unsuccessful.

Griffin's untimely request for Appeals Council review did not include a reason for her failure to file the request before the deadline. The Appeals Council notified Griffin by letter dated July 25, 2017 that her request for review had been untimely and invited her to explain the delay in filing and offer supporting evidence. Griffin was given thirty days to provide this information, but did not respond. On September 23, 2017 the Appeals Council issued a decision dismissing Griffin's request for review. Griffin filed the instant action appealing this decision

and bringing her FTCA claim on September 25, 2017, but did not first submit an administrative tort claim as required by the Act.

The intake, investigation, processing, and adjudication of administrative tort claims involving SSA under the FTCA are handled by the SSA's attorneys in the Division of Fiscal Law, Office of General Law, Office of the General Counsel. The Team Leader of this Division conducted a search of SSA's records and attested that Griffin has not filed an administrative tort claim against SSA.

Griffin originally filed suit in state court on September 25, 2017, and the case was removed to this Court on October 30, 2017. Defendant filed its Answer, Motion to Dismiss, Memorandum in Support of Defendant's Motion to Dismiss, and Motion for Judgment on the Pleadings and Supporting Memorandum of Law on November 20th, 2017. The Court ordered Griffin to respond to SSA's Motion to Dismiss and Motion for Judgment on the Pleadings, but Griffin has failed to respond to either Motion.

## II. Standards of Review

### a. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject-matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's statutory or constitutional power to adjudicate a case. Motions to dismiss under Rule

12(b)(1) may take the form of either a facial or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir.1999). Under a facial attack, the allegations in the complaint are taken as true for the purposes of the motion. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). A factual challenge, on the other hand, questions the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Under a factual challenge, the Court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).

Here, SSA presents both facial and factual attacks to the Court's subject-matter jurisdiction. As the SSA also presenting a factual challenge, "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. US*, 285 F.3d 947, 951 (11th Cir. 2002).

### b. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed

facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). "In determining whether a party is entitled to judgment on the pleadings, [the court] accept[s] as true all material facts alleged in the non-moving party's pleading, and . . . view[s] those facts in the light most favorable to the non-moving party." *Id*. Courts adjudicate a motion for judgment on the pleadings by the same standard applied to a motion to dismiss for failure to state a claim. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

At issue is whether the Appeals Council abused its discretion in dismissing Griffin's request for review of the SSA's determination that her disability had ended. Congress has given courts "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). In the Eleventh Circuit, an Appeals Council's dismissal of a request for review due to untimeliness constitutes a "final decision" subject to judicial review. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

When reviewing Appeals Council dismissals, the Court may only consider whether the Appeals Council's refusal to grant an extension of time was an abuse of discretion. *Waters v. Massanari,* 184 F.Supp. 2d 1333, 1339 (N.D.Ga. 2001). No

abuse of discretion exists unless the Appeals Council has acted "arbitrarily or unreasonably," such as by failing to consider relevant factors or by committing a clear error of judgment. *Langford v. Fleming,* 276 F.2d 215, 218 (5th Cir. 1960); *see also Atlanta Gas Light Co. v. F.E.R.C.,* 140 F.3d 1392, 1397 (11th Cir. 1998).

### III. Discussion

Liberally construing Griffin's pro-se complaint, the Court examines her pleadings as alleging both tort claims against SSA and also as requesting review of the denial of Griffin's social security benefits. The Court first examines its jurisdiction to hear Griffin's tort claims against the SSA before turning to review of the denial of social security benefits.

#### a. Motion to Dismiss for Lack of Subject Matter Jurisdiction

It is well settled that "the United States, as sovereign, is 'immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules, Inc. v. United States,* 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Congress may prescribe the procedures and conditions under which judicial review of administrative orders may proceed. *City of Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336 (1958).

The FTCA provides the exclusive remedy by which a plaintiff may seek redress for an alleged tortious action by the federal government or one of its agents. 28 U.S.C. § 2675(a). The FTCA establishes several conditions as precedents to suits against the United States. One of these conditions requires that, before filing suit, a plaintiff bringing an action against the federal government must first "present[] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). Further, the Supreme Court has established that no FTCA suit may be initiated unless a claimant has exhausted his or her administrative remedies. *McNeil v. United States,* 508 U.S. 106, 112 (1993). Where a plaintiff has failed to exhaust their administrative remedies in an FTCA case, the court is deprived of subject-matter jurisdiction. *Id.* Further, the plaintiff has the burden of alleging that he or she has exhausted her administrative remedies in order to survive a motion to dismiss for lack of subject-matter jurisdiction. *Dalrymple v. United States*, 460 F.3d 1318, 1324–26 (11th Cir. 2006); *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) (per curiam).

Griffin failed to properly allege that she has exhausted her administrative remedies with the SSA by submitting her claim to that agency. Because she has failed to fulfill the pre-filing procedural requirements of the FTCA, this Court does not have subject-matter jurisdiction over her claims insofar as they allege tortious

misconduct by agents of the United States. Although the SSA further asserts that Griffin's FTCA claim is barred by 42 U.S.C. Section 405(g) because that act bars FTCA claims arising from a disability claimant's application, the Court's finding that Griffin failed to plead compliance with pre-filing procedural requirements renders it without jurisdiction to consider this additional ground for dismissal. Because the Court lacks subject matter jurisdiction over the portion of Griffin's claim that alleges tortious misconduct by the SSA, those portions of her Complaint are due to be DISMISSED without prejudice.

### b. Motion for Judgment on the Pleadings

There is no dispute in the record or pleadings that Griffin filed her request for Appeals Council review outside the sixty-day deadline. Griffin could qualify for an extension of this deadline if she showed "good cause" according to the factors under 20 C.F.R. § 404.911. The Appeals Council found Griffin did not show good cause; this Court agrees.

According to § 404.911, factors the Appeals Council looks at to determine "good cause" sufficient to excuse a failure to request timely Appeals Council review include 1) the circumstances that prevent a claimant from making a timely request for review; 2) whether the Commissioner's actions misled the claimant; 3) whether the claimant did not understand the requirements of the Act due to

amendments, legislation, or court decisions; and 4) whether the claimant had physical, mental, educational, or linguistic limitations. Griffin then failed to provide a reason for her delay, despite being given thirty days to do so and being offered assistance by the SSA. There is no indication the SSA's actions misled Griffin or that she did not understand the filing deadline. While Griffin does have a mental health disorder, the SSA called her and attempted to assist her in demonstrating good cause. Even viewing the facts in the light most favorable to Griffin, there can be no question that the Appeals Council did not abuse its discretion or act "arbitrarily or unreasonably" when it denied her request for Appeals Council review for untimeliness. The Motion for Judgment on the Pleadings is therefore due to be GRANTED.

## IV. Conclusion

As stated above, SSA's Motion to Dismiss and Motion for Judgment on the Pleadings are due to be GRANTED and this action DISMISSED. An Order consistent with this Opinion will be entered separately.

**DONE** AND **ORDERED** ON MAY 14, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485